# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| MATTHEW GREEN, | ) | 3:12-cv-00004-LRH-WGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| ROBERT BANNISTER, *et al.*, | ) | |
| Defendant(s) | ) | |

    Before the court is plaintiff's "Motion for Physical Examination of Plaintiff (FRCP 35)" (Doc. # 25). Plaintiff states he brings his motion under Fed. Rule Civil Procedure 35 but cites no authority for the proposition a plaintiff in a 42 U.S.C. § 1983 case may bring a motion to have himself undergo a "physical examination." Rule 35 is typically employed when one party wants another party to submit to a mental or physical examination. In *Green v Branson*, 108 F. 3d 1296 (10th Cir. 1997), the court denied a motion by the inmate section 1983 plaintiff where the purpose was for the plaintiff to obtain treatment. The plaintiff therein (coincidentally also named "Green") had moved under Rule 35 for a medical examination. The Court stated that the motion "reveal[ed] that Green's primary purpose was to obtain medical care and to complain of deliberate indifference to his serious medical needs...." (*id*. at 1304). This appears to be the same theory plaintiff is utilizing herein (Doc. # 35 at 6-8).

    One of the requirements the court must evaluate when considering whether a Rule 35 motion is whether there is good cause for the motion. Because plaintiff wants to utilize the examination to further his causes of action against the defendants, which is in contrast to the intent of Rule 35 (*Green*, *supra*), plaintiff has not shown the requisite good cause. The district court's denial of the Rule 35

1  motion was found not to be an abuse of discretion.  108 F.3d at 1304.

2      Another one of the requirements a court must also address when considering a Rule 35 motion is payment of the costs of the medical or professional expenses of the examination.  Plaintiff fails to discuss this consideration. Since plaintiff is proceeding *in forma pauperis* herein (Doc. # 9), presumably plaintiff is not able to absorb the expense of a medical examination himself.  As defendants point out in their response, there is no "affirmative obligation on the States to finance and support prisoner litigation."  (Defendants' response, Doc. # 31, citing *Lewis v Casey*, 518 U. S. 343, 384 (1996)).

    Plaintiff's "Motion for Physical Examination of Plaintiff (FRCP 35)" is DENIED.

IT IS SO ORDERED.

DATED:  December 3, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

2