UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW GREEN, ) | 3:12-cv-00004-LRH-WGC |
| ) | |
| Plaintiff, ) | **MINUTES OF THE COURT** |
| ) | |
| vs. ) | March 19, 2013 |
| ) | |
| ROBERT BANNISTER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden     REPORTER:              FTR

COUNSEL FOR PLAINTIFF:   Matthew Green, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANT(S):   Brian W. Hagen

**MINUTES OF PROCEEDINGS: Motion Hearing**

9:34 a.m. Court Convenes.

The court and parties address several motions. After hearing argument and good cause appearing the court orders the following:

**I.    Motion to Compel (Dkt. #42)**

Mr. Hagen represents that responses to plaintiff's Request for Production of Documents and Request for Admissions have been provided to Mr. Green. Mr. Hagen indicates that defendant has only received pages one and six of the plaintiff's interrogatories and have therefore not responded to the interrogatories as of today's date.

The court explains that all of plaintiff's discovery requests have been attached to Document #42, including interrogatories (pages 19-27). The court expresses its concern regarding defendant's failure to timely respond to plaintiff's interrogatories; however, the court will allow additional time for defendant to respond to the interrogatories.

Therefore, plaintiff's Motion to Compel (Dkt. #42) is **GRANTED**, as to securing answers to the interrogatories. Defendant shall provide answers to the interrogatories no later that **Tuesday, April 2, 2013**.

MINUTES OF PROCEEDINGS
3:12-cv-00004-LRH-WGC
Date: March 19, 2013
Page 2

**II.     Motion for Order Directing Prison Officials to Allow Inmate Christopher Williams to Assist Plaintiff in Litigating This Action (Dkt. #46)**

Plaintiff requests that Inmate Christopher Williams assist him throughout this litigation, which shall include six (6) components: (1) attend hearings with plaintiff, (2) prepare pleadings for plaintiff, (3) review plaintiff's medical file, (4) review plaintiff's I-file, (5) assist in settlement conference and other meetings, and (6) confer with plaintiff on a regular basis (see Dkt. #46, pages 2-3). Defendant does not express any objection to components 1, 2, 5 and 6; however, defendant does object to components 3 and 4 based on concerns regarding confidentiality and complying with institutional policies.

At this time, the court agrees with defendant's concern with respect to maintaining confidentiality and complying with institutional policies. Therefore, plaintiff's Motion for Order Directing Prison Officials to Allow Inmate Christopher Williams to Assist Plaintiff in Litigating this Action (Dkt. #46) is **GRANTED in part** as to components 1, 2, 5 and 6, and **DENIED in part** as to components 3 and 4.

**III.    Motion for Leave to Amend Admission (Dkt. #53)**

Mr. Hagen indicates that defendant's response to Request for Admission No. 10 is incorrect and is seeking to revise the response as proposed in the "Amended Response to Request for Admission No. 10" (Dkt. 53, page 2). Plaintiff has no opposition allowing defendant Bannister the opportunity to correct and accurately respond to Request for Admission No. 10.

Good cause appearing, the court will allow defendant Bannister to amend his response; therefore, defendant's Motion for Leave to Amend Admission (Dkt. #53) is **GRANTED**. The court notes that plaintiff does not need to respond to Dkt. #53, as it is now disposed of.

**IV.    Oral Motion for Extension of Time to Respond to Motion for Summary Judgment**

In view of the extension granted by this court for defendant to answer interrogatories, plaintiff requests additional time to respond to defendant's Motion for Summary Judgment (Dkt. #54). Defendant has no objection to allow for additional time for plaintiff to respond to defendant's motion for summary judgment.

The court agrees that additional time is warranted. Plaintiff shall respond to defendant's Motion for Summary Judgment no later than **Friday, May 3, 2013.**

MINUTES OF PROCEEDINGS
3:12-cv-00004-LRH-WGC
Date: March 19, 2013
Page 3

V. **Motion for Order Directing U.S. Marshal to Serve Summons & Complaint (Dkt. #49)**

Plaintiff explains that he has identified an address for defendant Graham and requests that the court review and compare the current address that has been filed under seal to that of the alternative address provided by plaintiff (see Dkt. #49). Thereafter, and if the addresses are different, plaintiff requests that the U.S. Marshal effect service as to defendant Graham with the alternative address. Defendant has no objection to plaintiff's request to attempt service once again as to defendant Graham.

The court construes plaintiff's Motion for Order Directing U.S. Marshal to Serve Summons & Complaint (Dkt. #49) as a Motion for Extension of Time to Serve Defendant Graham and to Issue Summons as to Defendant Graham, and with good cause appearing, plaintiff's motion is **GRANTED**. Service shall be completed by **Monday, April 22, 2013.**

The Courtroom Administrator is directed to send the following to plaintiff: (1) USM-285 form, (1) copy of complaint (Dkt. #4), (1) copy of this order (Dkt. #59). Plaintiff shall thereafter, provide the U.S. Marshal with the necessary documents to effect service as to defendant Graham.

VI. **Status Conference Date and Time**

The court is inclined to schedule a status conference to follow-up on the status of defendant Graham's service, as well as address any discovery deadlines that may need to be amended based on the outcome of service as to Graham. The court schedules a Status Conference for **Wednesday, April 24, 2013, at 9:30 a.m.**

VII. **Motion to Allow Plaintiff to Review His Medical File (Dkt. #51)**

The court explains that plaintiff shall follow institutional procedures with regard to reviewing his medical file, such as submitting a kite. Plaintiff explains that from previous filings by defendant, it is his impression that he may only be allotted one hour and one time per year to review his medical records.

It is the court's understanding that, under standard review, inmates are afforded a one time / one hour opportunity to review medical files; however, when an inmate is actively litigating a matter with the court, accommodations are made so that the inmate has additional opportunities to review his medical file. Mr. Hagen agrees and reiterates that inmates are to submit a kite in order to review their medical file.

MINUTES OF PROCEEDINGS
3:12-cv-00004-LRH-WGC
Date: March 19, 2013
Page 4

     Mr. Hagen indicates that he will contact the prison to schedule a date and time (approximately two (2) hours) for plaintiff to review his medical file. Mr. Hagen further states if additional time, past the approximate two (2) hours, is needed for plaintiff's review he will request additional time to be afforded to plaintiff.

     In light of Mr. Hagen's representation that he will contact the prison to schedule a date and time for plaintiff to review his medical file, plaintiff's Motion to Allow Plaintiff to Review His Medical File (Dkt. #51) is **DENIED as moot**.

**VIII.**   **Motion to Compel Production of Document (Dkt. #50)**

     Mr. Hagen explains that he will be filing a response to this discovery dispute, which is due March 21, 2013. Thereafter, plaintiff will be filing a reply to defendant's responses. In light of the parties' representation, plaintiff's Motion to Compel Production of Document (Dkt. #50) will be addressed when it has been fully briefed.

**IT IS SO ORDERED.**

10:26 a.m. Court Adjourns.

                                                        LANCE S. WILSON, CLERK

                                                        By: _____/s/_____
                                                        Katie Lynn Ogden, Deputy Clerk